## (May 16, 1963)

■ RITZ ASSOCIATES, INC., Respondent, v. RITZ-CARLTON HOTEL COMPANY, INC., Appellant.— Order and judgment affirmed on the opinion of Mr. Justice JACOB MARKOWITZ at Special Term [35 Misc 2d 425], with costs to respondent. *Concur* — Breitel, J. P., Stevens, Eager and Bergan, JJ.; Rabin, J., dissents in part in the following memorandum: I dissent, in part, to the extent that I would deny plaintiff's motion for summary judgment and I would likewise deny plaintiff's motion for a dismissal of the defendant's counterclaim. Special Term granted summary judgment to the plaintiff holding that the agreement was void because the license given was a naked license. I disagree with that conclusion. There was provision for the revocation of that license if the plaintiff failed to maintain its building as a high-class apartment hotel and restaurant. Thus, the standard to which the plaintiff was obliged to

adhere was set up and compliance therewith was the requisite for the continuance of the license. The license was therefore not a naked one. It cannot be said that the license must be deemed a naked one because the standards to be adhered to were not more specifically set out or more precisely defined. It may very well be that the requirement that the building be maintained as a high-class apartment hotel and restaurant is sufficiently definite and meaningful to the hotel trade. That is a question of fact. The same applies to the question as to whether there was sufficient supervision to insure performance of the condition if that be needed to maintain the validity of the license. That too is a question of fact to be tried. It is quite possible that the watchfulness alleged by the defendant to have been maintained, was quite sufficient to enable it to detect a breach of the condition imposed. In short I believe there are questions of fact to be tried and consequently it was improper to grant summary judgment to the plaintiff.