■ GEORGE C. WALSH, Respondent, v AUTOMATIC SYSTEMS DEVELOPERS, INC., et al., Appellants.—In an action, *inter alia,* to recover commissions due and owing under an employment contract, the defendants appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered August 11, 1986, which, upon the plaintiff's cross motion for summary judgment, is in favor of the plaintiff and against them in the sum of $8,387.82.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiff's cross motion is denied.

The plaintiff was hired in November 1982 as the sales manager of the defendant ASD Office Systems computer de-

partment. Sometime during August 1984 he was informed that he would be promoted to a new position, i.e., assistant general manager, as of September 1984. At the time of the promotion, the plaintiff was earning a salary of $400 per week. In addition, he received certain commissions based on the gross sales of the computer department. The plaintiff continued to receive his prior salary of $400 per week when the "promotion" took effect. However, there were no discussions between the parties as to compensation concerning the plaintiff's new title. It is the plaintiff's contention that the terms of his prior employment should have been carried forward into his new title because the defendants failed to inform him that his compensation would change, i.e., the plaintiff would no longer receive commissions. We disagree.

Inasmuch as the plaintiff was not hired for a specific duration, his was a hiring at will, which may be freely terminated by either party (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 300; Martin v New York Life Ins. Co., 148 NY 117). At bar, upon the plaintiff's agreement to change positions, the previous employment contract came to an end, and a new one took its place. However, the parties did not discuss what the new terms of compensation would be. In the absence of an express agreement, the law will imply a promise by the employer to pay the reasonable value of the employee's services (see, Von Reitzenstein v Tomlinson, 249 NY 60, 64). Thus, the plaintiff is entitled to the reasonable value of his services as assistant general manager. The question of what amount is reasonable under the circumstances is a material issue of fact which precludes the granting of summary judgment. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.