**Susan BLAIR, Plaintiff,**

v.

**CBS INC., Defendant.**

**No. 86 Civ. 3765 (EW).**

United States District Court,
S.D. New York.

June 24, 1987.

Lawrence M. Monat, Commack, N.Y., for plaintiff.

Ronald E. Guttman, Douglas P. Jacobs, New York City, for defendant; Susanna M. Lowy, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant CBS Inc. ("CBS") moves for summary judgment on plaintiff's claims of breach of contract and age and sex discrimination. Plaintiff, Susan Blair, cross moves

---

for partial summary judgment on her breach of contract claim.

Plaintiff applied for a position with defendant and, in so doing, went through a series of interviews with both defendant's personnel department and with Winifred Williams, who is the administrative assistant to Dr. Frank Stanton, President Emeritus of CBS. On June 16, 1984 Winifred Williams offered plaintiff, who was then 22 years old, employment with CBS and advised her of the position's salary, which plaintiff accepted. Williams then directed plaintiff to attend an orientation session of CBS employees and told plaintiff that she would begin work on July 11, 1984. Plaintiff attended the orientation session for new employees on June 25, 1984, and she was given a copy of a document containing policies, practices and benefits applicable to CBS personnel. Plaintiff contends that on the same day she received this document she read it and considered it as part of the terms and conditions of her employment. On July 11, 1984 plaintiff commenced her employment in the office of Dr. Stanton. During her service, sharp differences of opinion and undue hostility developed between plaintiff and Williams, who had been in Dr. Stanton's employ for some 40 years. On June 24, 1985 plaintiff was transferred out of Stanton's office; however, she was maintained on the payroll of CBS until August 16, 1985, when her employment was terminated. Plaintiff then commenced this action against CBS alleging breach of an employment contract and violation of the New York State Human Rights Law by reason of sex and age discrimination.

## Breach of Contract

■ Under New York law, unless the duration of an employment contract is set forth explicitly, the employment is at will and can be terminated by either party at any time.[1] However, a limitation on the employer's right to terminate an employ-

ment of indefinite duration may be imported from an express provision contained in the employer's handbook on personnel policies and procedure after an appropriate evidentiary showing.[2] Plaintiff argues that the personnel manual she received at the employee orientation meeting serves as an express limitation on the right to terminate her employment. The manual states that after satisfactory completion of a trial period, an employee's status will be considered permanent and continued employment will then be subject to "accepted performance criteria." Moreover it provides that normal company policy is to issue written pre-final warnings before an employee is released for reasons other than dishonesty, insubordination, misconduct or a violation of CBS policy. After a pre-final warning is issued, then a final warning will be issued, if necessary, and employment beyond the warning period will then be contingent upon satisfactory work or continued improvement and the receipt of no additional warnings within the next six months.

The record establishes that at the time plaintiff accepted her employment with CBS she did not rely on the representations made in the employee handbook and that no mention of the procedures outlined in the handbook were made to her during her conversation with Williams. Plaintiff concedes in her affidavit that at the time she was offered the position by Williams she "did not know anything about the terms and conditions of [her] employment except for the salary which [she] believe[d] was $15,600.00 per year. [She] had no knowledge at that point of CBS's personnel policies, its fringe benefits, or what the vacations, holidays and sick leave conditions were."[3] Moreover, in her deposition, plaintiff states that when Williams offered her employment, she accepted the job with CBS

---

1. *Wright v. Cayan*, 817 F.2d 999, 1002 (2d Cir. May 4, 1987); *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 304–05; 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983).

2. *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 305, 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983); *Weiner v. McGraw-Hill, Inc.* 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982).

3. Blair Aff., para. 4.

at that time.[4]   While Blair states in her affidavit that "I then told her [Williams] that I would like the position (that is what I mean when in my deposition I said I accepted it)....",[5] this fails to create a factual issue as to when plaintiff accepted employment with CBS.   Blair's deposition testimony is abundantly clear that upon being informed of the amount of salary she would receive she accepted the position as offered to her by Williams.   Moreover, it is difficult to recognize the distinction which plaintiff now advances in her affidavit that what she meant when she said that she "accepted" the position, in her deposition, was that she would "like" the position. The fact is that after this conversation she attended the orientation courses.   Therefore, even accepting plaintiff's contention that after being offered employment by Williams she responded that she would "like" the position rather than that she "accepted" it, based on the facts contained in the record, no person could reasonably conclude that this statement was not an acceptance of Williams' offer.

■   Based upon the finding that plaintiff accepted employment with CBS during her telephone conversation with Williams and plaintiff's concession that at that time she did not inquire about, nor were any representations made to her concerning, the employment provisions contained in the employee handbook, this Court finds that when plaintiff accepted employment with CBS she neither had an expectation of employment protection nor were any limitations of defendant's right to discharge plaintiff at will made part of the employment agreement.   Thus, plaintiff has failed to establish that her contract of employment with CBS was other than an at will employment contract that contained no re-

striction on her employer's right to terminate her employment.

Nor does Blair's actual commencement of her employment or her continued employment after receiving the handbook constitute sufficient consideration to bind CBS to the terms contained in the employee handbook.   Plaintiff appears to imply that even if the handbook policies were not made a part of her employment contract at the time she *accepted* her employment, these terms were *subsequently* incorporated into her employment relationship with CBS when she was given the handbook at the orientation meeting and then relied on the representations contained in it as providing her with a measure of job security.[6] Plaintiff has alleged that upon commencing her employment with CBS she "ceased following up on the job search [she] had started upon graduation from Ithaca College," and that she "did not pursue or follow-up" on letters she received from companies indicating that there were *possible* job opportunities she could pursue.   While the implication here is that she ceased her job search and passed up interviews in reliance on the representations contained in the employee handbook, she has failed to present any evidence that she would *not* have commenced her employment on the prearranged date or ceased her job search absent the representations made in the handbook.[7]   On the contrary, the only facts presented in the record indicate otherwise. When Williams offered plaintiff employment she inquired only as to the position's salary before accepting it, she then showed up at the orientation meeting that she was instructed to attend, and at no time, either prior to receiving the handbook or after receiving it, did she indicate that her acceptance of employment was conditioned on

---

4.  Blair Deposition at 23–24:
   "Q.   What was the next step in your application process for a job at CBS?
   A.   She had called me the following day and told me I had gotten the position and I accepted it.   Then she said to go to an orientation.
   Q.   You got the job on what day?
   A.   It was in June.   It was towards the end of June.
   Q.   In the same telephone conversation you accepted the job; is that correct?

A.   I had asked her the salary, she told me, and I accepted it."

5.  Blair Aff., para. 4.

6.  Blair Aff., para. 5.

7.  *Cf. Falcone v. Columbia Pictures Industries,* 805 F.2d 115, 119 (3d Cir.1986); *Patrowich v. Chemical Bank,* 98 A.D.2d 318, 470 N.Y.S.2d 599, 603 (1st Dep't 1984).

any additional terms of employment. Moreover, she does not allege in her affidavit that "but for" the representations in the handbook concerning the discharge of employees she would not have commenced her employment with CBS and/or she would not have passed up the opportunity to interview with other potential employers. Therefore, because the record is devoid of any evidence of reliance, detrimental or otherwise, on the part of plaintiff, she has failed to create an issue of fact as to whether she has a claim for breach of contract arising from her reading of the handbook subsequent to accepting employment with CBS.

Defendant's motion for summary judgment on the issue of plaintiff's contract claim is granted and the claim is dismissed. Plaintiff's cross motion for partial summary judgment is denied.

### Sex and Age Discrimination

■ Defendant's motion for summary judgment on plaintiff's claim of sex and age discrimination under New York law is denied due to the existence of issues of fact that are material to this claim. A careful review of the exhibits, affidavits and deposition transcripts contained in the record reveals material issues of fact with respect to such matters as whether plaintiff was terminated for insubordination, inadequate job performance, or as a result of a discriminatory motive arising from her age and sex (including whether the alleged conflict between plaintiff and Williams arose from plaintiff's sex and age); whether plaintiff's performance was in fact inadequate; whether plaintiff was treated any differently than other similarly situated male employees who were older than she; and whether "but for" plaintiff's age and sex she would not have been terminated.

### Conclusion

Defendant's motion for summary judgment dismissing plaintiff's breach of contract claim is granted, defendant's motion for summary judgment dismissing plaintiff's claim based on age and sex discrimination is denied, and plaintiff's cross motion for partial summary judgment is denied.

So Ordered.