■ Lawrence Lerman, Appellant, v Medical Associates of Woodhull, P. C., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 26, 1988, which granted

the defendants' motion for summary judgment and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of contract and tortious interference with his contractual and/or prospective contractual rights, based upon the rescission by the defendant Medical Associates of Woodhull, P. C. (hereinafter MAWPC) of a written offer of employment as director of medicine at Woodhull Medical and Mental Health Center (hereinafter Woodhull). The plaintiff had accepted the offer in writing several days prior to its rescission, which occurred before he commenced work at Woodhull. He alleged that the rescission was instigated by the defendant Gabriel Koz, M.D., a member of the MAWPC board of directors, for his own improper purposes. Following joinder of issue, the defendants moved and the plaintiff cross-moved for summary judgment. The Supreme Court granted the defendants' motion for summary judgment and denied the cross motion, stating that the plaintiff had failed to establish the elements of a cause of action to recover damages for breach of contract or for tortious interference. We agree.

It is well settled that neither party has a cause of action for breach of contract where the contract is one for employment at will (see, Sabetay v Sterling Drug, 69 NY2d 329; Walsh v Automatic Sys. Developers, 130 AD2d 655). In order for an employee to prevail on an action for breach of an employment contract, he must show that the contract was for a specified duration, or that he expressly conditioned acceptance of the job on the employer's assurance that he would not discharge him without cause (see, Blair v CBS Inc., 662 F Supp 947; Weiner v McGraw-Hill, Inc., 57 NY2d 458).

At bar, the plaintiff failed to show that the contract was for a specified duration, that he accepted employment on the condition that he would only be discharged for cause, or that his discharge was limited by agreement. Therefore, the contract was for employment at will and the defendant may not be charged with a breach thereof.

To prevail on a claim for tortious interference with contractual or prospective contractual relations, a party must show that the alleged tort-feasor wrongfully interfered with the contract for the sole purpose of harming the plaintiff, or that he committed independent torts or predatory acts towards the third party (Burger v Brookhaven Med. Arts Bldg., 131 AD2d 622; Koeppel v Schroder, 122 AD2d 780; PPX Enters. v Audio-

*fidelity Enters.,* 818 F2d 266). The plaintiff has failed to allege sufficient evidence to support his contention that the defendant Koz's initiative to rescind the offer was for wrongful or tortious purpose. To the contrary, the defendants have presented evidence showing that MAWPC was operating at a deficit and that the proposed salary offer to the plaintiff and the salary increases to the other doctors would present fiscal problems as well as go beyond MAWPC's allocated budget and policy.

While the Supreme Court failed to address the issue of promissory estoppel, which was raised by the plaintiff in his cross motion for summary judgment, we find no merit to this claim. The doctrine of promissory estoppel as a substitute for consideration has limited application in New York, and we find that the present case does not fall under the exceptions *(see, Swerdloff v Mobil Oil Corp.,* 74 AD2d 258).

Finally, the plaintiff's contention that he is entitled to recovery on a theory of unjust enrichment is raised for the first time on appeal and is therefore not properly before this court *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.