■ Ali Tayeh, Appellant, v Intercoastal Capital Corp., Defendant, and Isaac Kugel et al., Respondents.—In an action, *inter alia,* to impose a constructive trust on certain real property and to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), dated September 14, 1989, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendants Isaac Kugel and Jack Gora (hereinafter the individual defendants) did not breach their agreement with the plaintiff to provide a loan secured by a mortgage in connection with the plaintiff's purchase of certain commercial property in Brooklyn. The evidence adduced at trial reveals that, at the scheduled closing, the plaintiff failed to fulfill a number of conditions precedent to his obtaining the loan, such as providing closing costs, insurance, and documentation nec-

essary for a collateral mortgage. Accordingly, the trial court's factual finding in this regard is not against the weight of the evidence. Moreover, the individual defendants were not obliged to make the financing available to the plaintiff for an additional 24 hours because of the defendant seller's willingness to provide the plaintiff with an additional 24 hours to close. Indeed, the defendant seller made that offer only after the individual defendants had withdrawn their financing.

In addition, the plaintiff breached the contract of sale inasmuch as he failed to close the sale in a reasonable time. Accordingly, the individual defendants did not interfere with the plaintiff's contract by subsequently purchasing the subject property *(Israel v Wood Dolson Co.,* 1 NY2d 116). Although the defendants commenced negotiations with the seller to purchase the subject property on the day of the closing, before the plaintiff's time to perform had expired, we conclude that this did not interfere with the plaintiff's contract *(see, Livoti v Elston,* 52 AD2d 444, 446). The negotiations occurred at the behest of the seller and subsequent to the defendants' withdrawal of financing. Further, the contemplated purchase was expressly conditioned on the plaintiff's inability to close the transaction.

In light of the foregoing, the trial court properly concluded that the plaintiff was not entitled to relief at law or in equity, and dismissed the complaint. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.