■ BELLINO SCHWARTZ PADOB ADVERTISING, INC., Appellant, v SOLARIS MARKETING GROUP, INC., et al., Respondents. [635 NYS2d 587] —Orders, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 29 and June 22, 1994, which granted the motions by defendants Titan Sports, Inc., MBC Productions, Inc. and Tom Avitabile for summary judgment dismissing the amended complaint as against those defendants, unanimously affirmed, with costs.

We find that the IAS Court properly dismissed the first cause of action for breach of contract as against defendant Titan, which was not a signatory to the agreement between defendant Solaris and plaintiff. Nor did Solaris have either actual or apparent authority to act as Titan's agent in connection with the marketing and advertising campaign for a particular brand of vitamins (*cf., Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 692, *affg* 108 AD2d 365, 370; *Plymouth Rock Fuel Corp. v Leucadia, Inc.*, 100 AD2d 842). Indeed, the terms and conditions of the Titan/Solaris License Agreement precluded any agency relationship between Solaris and Titan by specifically providing, in pertinent part, that "[N]othing herein contained shall be construed to place the parties in any partnership, agency or joint venture relationship; and Licensee (Solaris) shall have no power to obligate or bind Licensor (Titan) in any manner whatsoever".

The IAS Court properly dismissed the second cause of action, for unjust enrichment, as against defendant Titan. The record reveals that Titan did not unjustly benefit from plaintiff's work since Solaris, rather than Titan, had produced commercials and placed and aired television commercials containing plaintiff's advertising materials (*see, McGrath v Hilding*, 41 NY2d 625, 629).

The existence of an express contract between Solaris and plaintiff governing the subject matter of the plaintiff's claim also bars any quasi-contractual claims against defendant Titan, as a third-party nonsignatory to the valid and enforceable contract between those parties (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388; *Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283, *lv dismissed and denied* 74 NY2d 874).

The sixth cause of action for tortious interference with

contract as against defendant Titan was also properly dismissed since Titan, by fulfilling its contractual right to review, approve and/or reject proposed advertising material to be used by its licensee, Solaris, in connection with a vitamin advertising campaign, was merely protecting the valuable intellectual property rights it had licensed to Solaris, and therefore did not intentionally cause defendant Solaris to breach the agreement with plaintiff (see, Compco Corp. v Day-Brite Light., 376 US 234; Ritz Assocs. v Ritz-Carlton Hotel Co., 35 Misc 2d 425, affd 19 AD2d 522, affd 14 NY2d 670). Plaintiff failed to establish that Titan intentionally and wrongfully interfered with the contract between plaintiff and Solaris for the sole purpose of harming plaintiff (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282; Lerman v Medical Assocs., 160 AD2d 838, 839-840).

We also find that the fourth cause of action for tortious interference with contract as against defendants MBC and Avitabile was properly dismissed inasmuch as plaintiff, by its conclusory statements in opposition to summary judgment, failed to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact as to whether MBC and Avitabile had actively and intentionally procured a breach of the contract between plaintiff and defendant Solaris, an essential element of a cause of action for tortious interference (see, Israel v Wood Dolson Co., 1 NY2d 116; Tayeh v Intercoastal Capital Corp., 176 AD2d 719). Nor is there any issue of fact as to damages to plaintiff caused by defendants MBC and Avitabile's actions, since plaintiff's representatives have admitted in depositions that plaintiff was entitled to receive 15% over expenses from Solaris no matter who provided services or undertook the work at issue.

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.