■ WILLIAM LUBLINER, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants. [642 NYS2d 240] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about September 14, 1995, which, insofar as appealed, denied defendants' motion for partial summary judgment dismissing the first, second, and fifth causes of action of plaintiff's complaint, unanimously reversed, on the law, without costs, summary judgment is granted and the claims are dismissed. The Clerk is directed to enter judgment dismissing the first, second and fifth causes of action of the complaint.

Plaintiff Lubliner was the treasurer and comptroller of defendant Helmsley-Spear, Inc. in 1981, when he was presented with an employment contract which provides the basis for this action. Since Mr. Lubliner already held the position when he was offered the agreement, he signed it without negotiation or reservation. That employment agreement expressly provided that it would terminate if, absent Lubliner's consent, he were not re-elected to the office of treasurer of Helmsley-Spear, and

that upon such termination a severance payment would be due.*

In 1987, Mr. Lubliner was transferred and promoted from treasurer of Helmsley-Spear to the position of chief financial officer of the parent company, Helmsley Enterprises, Inc. The promotion entailed a significant pay increase, and a new treasurer of Helmsley-Spear was elected. Five years after accepting the promotion, plaintiff was asked to resign. He now seeks recovery of the severance benefits and accrued vacation pay under the 1981 employment agreement. The trial court denied defendant's motion for summary judgment, finding the contract ambiguous as to whether it survived the promotion. We reverse.

It is settled that where an employee under contract agrees to change positions, the previous employment contract comes to an end and a new relationship is formed, here an employment at will (*see, Rose v Green*, 145 AD2d 618, 621, *lv dismissed* 74 NY2d 836; *Walsh v Automatic Sys. Developers*, 130 AD2d 655). There was no ambiguity in the express language of the contract at issue here, which was made specific to plaintiff's position as treasurer and comptroller of Helmsley-Spear, Inc. When plaintiff voluntarily agreed to take a transfer and promotion with the parent company, the severance pay and vacation pay provisions of the old contract were extinguished pursuant to the terms of the agreement; they cannot now support the first two causes of action (*Long Is. R. R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 461). In addition, since the fifth cause of action for fraudulent conveyance is premised upon Helmsley-Spear's ability to satisfy a judgment upon the breach of contract claims, it is also dismissed. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Nardelli, JJ.

---

* Paragraph 10 (b) of the employment agreement reads as follows: "For the purposes of paragraph 10 (a), the removal of Executive from or the failure to elect or re-elect Executive to the office of Treasurer of the Company shall be deemed to be a termination by the Company of Executive's Employment hereunder contrary to the provisions of this Agreement".