■ WILLIAM LUBLINER, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants, et al., Defendant. (Action No. 1.) WILLIAM LUBLINER, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants. (Action No. 2.) [650 NYS2d 208] —Order, Supreme Court, New York County (Walter Schackman, J.), entered March 27, 1996, which, *inter alia*, granted plaintiff's motion to strike defendants-appellants' pleadings, and directed entry of judgment in favor of plaintiff in the amount demanded under the third and fourth causes of action of the complaint, unanimously affirmed, and order, same court and Justice, entered May 10, 1996, which denied defendants' motion for partial summary judgment dismissing the complaint, unanimously affirmed, with one bill of costs payable to respondent.

The motion to strike defendants' answer was properly granted in view of the individual defendant-appellant's pattern of willful avoidance and evasion of the court's disclosure orders, it being clear that she is in the control of the corporate defendant. Defendants' belated filing of a meritless motion for partial summary judgment did not immunize them from the motion for sanctions given their repeated and willful failure to disclose (*Oberlander v Levi*, 207 AD2d 437). Concerning damages, whether it was proper for the court to award a judgment in the amount demanded in the complaint without an inquest

is a question that has been rendered largely moot by the subsequent order of this Court, on a prior appeal, dismissing all but the third and fourth causes of action for reasons unrelated to disclosure (227 AD2d 142). As to these remaining causes of action, we find that, since the IAS Court's decision made clear the amounts attributable to each of these causes of action, and since, as the IAS Court noted, defendants had full opportunity on the motion to offer evidence and arguments regarding the amounts claimed by plaintiff and failed to refute plaintiff's showing or demonstrate that they were entitled to setoffs arising from the same transactions, no further inquiry is required to ascertain the amount of damages due (*cf.*, *Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878). Concerning defendants' motion, since they had no standing to challenge the prosecution by plaintiff of his claims in State court, which had been agreed to by the Trustee in bankruptcy, or to a determination as to the ownership of the claims, which is a matter between plaintiff and the Trustee, the motion, which was based upon the allegation that the bankruptcy estate, not plaintiff, actually owned the claims being asserted, was baseless. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.