■ NEWPORT SERVICE & LEASING, INC., Appellant, v MEADOWBROOK DISTRIBUTING CORP. et al., Respondents. [794 NYS2d 426]—

In an action, inter alia, to recover damages for deceptive business practices, tortious interference with contract, tortious

interference with prospective business relations, injurious falsehood, trade libel, and product disparagement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 21, 2003, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging tortious interference with prospective business relations, injurious falsehood, trade libel, and product disparagement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff proposed to act as a broker in the sale of trucks to independent distributors who delivered beverages for the defendant Meadowbrook Distributing Corp. (hereinafter Meadowbrook). The evidence submitted by the defendants in support of their motion for summary judgment established that the complained-of statements by Meadowbrook's president, the defendant Richard C. Poillon, Jr., criticizing the plaintiff's proposal in a memorandum to the distributors, were substantially true (*see Carter v Visconti*, 233 AD2d 473 [1996]; *Fairley v Peekskill Star Corp.*, 83 AD2d 294, 297 [1981]). The defendants thereby established their prima facie entitlement to judgment as a matter of law with respect to the causes of action alleging injurious falsehood, trade libel, and product disparagement. In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants also demonstrated that, to the extent that any of their conduct interfered with the plaintiff's prospective business relationship with the distributors, they were acting to protect Meadowbrook's economic interests, and not "for the sole purpose of harming the plaintiff" (*Lerman v Medical Assoc. of Woodhull, P.C.*, 160 AD2d 838, 839 [1990]; *see Newsday, Inc. v The Fantastic Mind*, 237 AD2d 497 [1997]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]). The defendants thereby established their prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging tortious interference with prospective business relations. In opposition, the plaintiff presented no evidence supporting its speculative allegation that agents of Meadowbrook conspired with agents of a truck body manufacturer to withhold from the plaintiff information it needed in order to make a complete proposal. Nor did the plaintiff present evidence tending to show that the defendants committed "independent torts or predatory acts" towards the distributors (*Lerman v Medical Assoc. of Woodhull, P.C., supra* at 839), or otherwise advanced Meadowbrook's interests by "wrongful means" (*Guard-Life Corp. v Par-*

*ker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]). Thus, the plaintiff failed to raise a triable issue of fact as to the cause of action alleging tortious interference with prospective business relations. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.