■ SENECA PIPE & PAVING CO., INC., Appellant, v SOUTH SENECA CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendant. (Appeal No. 1.) [880 NYS2d 807]—

Appeal from an order of the Supreme Court, Seneca County (David Michael Barry, J.), entered August 24, 2007. The order, insofar as appealed from, granted those parts of the cross motions of defendants South Seneca Central School District and Javen Construction Company for summary judgment dismissing the second amended complaint against them and denied those parts of plaintiff's cross motion for summary judgment with respect to those defendants.

Now, upon reading and filing the stipulation of settlement

and discontinuance signed by the attorneys for plaintiff and defendant South Seneca Central School District on February 23, 2009,

It is hereby ordered that said appeal with respect to defendant South Seneca Central School District is unanimously dismissed upon stipulation and the order is otherwise affirmed without costs.

Memorandum: These consolidated appeals arise from a construction project on property owned by defendant South Seneca Central School District (School District), pursuant to which plaintiff was awarded the site work prime contract and defendant Javen Construction Co., Inc., incorrectly sued as Javen Construction Company in appeal No. 1 (Javen), was awarded the general trades prime contract. Plaintiff commenced the action at issue in appeal No. 1 seeking damages for work performed pursuant to an alleged verbal agreement with one of Javen's subcontractors. In its second amended complaint, plaintiff asserted, inter alia, that Javen was unjustly enriched, and Supreme Court, inter alia, granted that part of the cross motion of Javen for summary judgment dismissing the second amended complaint against it and denied that part of plaintiff's cross motion for summary judgment with respect to Javen. We affirm the order in appeal No. 1 for reasons stated in the decision at Supreme Court.

Plaintiff commenced the action at issue in appeal No. 3 alleging, inter alia, that it performed certain work under protest because the work was not encompassed by its site work prime contract. The complaint in appeal No. 3 alleges against Javen that it was unjustly enriched because it received payment for certain work pursuant to its prime contract for general trades work, but that work was in fact performed by plaintiff pursuant to its prime contract for site work. Contrary to the contention of plaintiff in appeal No. 3, it is not entitled to recover from Javen for unjust enrichment under these circumstances because "a nonsignatory to a contract cannot be held liable where there is an express contract covering the same subject matter" (*Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283 [1989], *lv dismissed in part and denied in part* 74 NY2d 874 [1989]; *see Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1995]). Inasmuch as the "services were performed at the behest of [an entity] other than th[is] defendant, the plaintiff must look to that [entity, i.e., the School District] for recovery" (*Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]; *see Heller v Kurz,* 228 AD2d 263, 264 [1996]). We thus conclude that the court properly granted the cross motion of Javen for

summary judgment dismissing the complaint in appeal No. 3 against it (*see generally IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 141-142 [2009]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.