OAKWOOD ON THE SOUND, INC., Appellant, v RUSSELL DAVID et al., Respondents. [883 NYS2d 54]—

In an action, inter alia, to recover unpaid common charges assessed by a cooperative housing corporation, the plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Weber, J.), entered August 29, 2007, which, upon an order of the same court dated July 3, 2007, granting that branch of the defendants' motion which was, in effect, for summary judgment on the counterclaim to the extent of directing the plaintiff to remove soil that it caused to be placed and shrubbery that it caused to be planted on the parking area used by the defendants and denying that branch of its cross motion which was for summary judgment dismissing the counterclaim, inter alia, is in favor of the defendants and against it, directing it to remove the soil that it caused to be placed and shrubbery that it caused to be planted on the parking area used by the defendants.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, that branch of the defendants' motion which was, in effect, for summary judgment on the counterclaim is denied, that branch of the plaintiff's cross motion which was for summary judgment dismissing the counterclaim is granted, and the order dated July 3, 2007, is modified accordingly.

In 2001 the board of directors of the plaintiff Oakwood On The Sound, Inc. (hereinafter Oakwood), a cooperative corporation consisting, inter alia, of 101 cabins and appurtenant parking spaces, received a complaint from a shareholder that the defendants were parking two vehicles end to end in one parking space, causing one of the vehicles to encroach onto an area covered by his proprietary lease. In June 2002 Oakwood issued a determination "preclud[ing]" the defendants and others from parking more than one vehicle at a time in their allotted spaces. Subsequently, Oakwood hired a landscaper to place fill and shrubbery at the head of the space, creating an earthen berm which limited the parking in the subject space to a single vehicle.

In 2005 Oakwood commenced this action to recover unpaid common charges, which the defendants refused to pay due to the alleged deprivation of their right to use their parking space in the manner they desired. The defendants counterclaimed, inter alia, seeking a judgment declaring that they "have exclusive use and control of, and access to, the area designated for parking" for their cabin, and directing Oakwood to remove the large quantity of soil it caused to be placed and shrubbery it caused to be planted. The Supreme Court, inter alia, entered a judgment, among other things, directing Oakwood to remove the soil and shrubbery. We reverse.

A doctrine analogous to the business judgment rule prohibits judicial inquiry into decisions made by cooperative governing boards which are "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990] [internal quotation marks omitted]; *see Levine v Greene*, 57 AD3d 627, 628 [2008]; *Hochman v 35 Park W. Corp.*, 293 AD2d 650, 651 [2002]). Here, Oakwood made a prima facie showing that its parking determination, including its installation of a berm, was within its authority, made in good faith, and in furtherance of the cooperative's legitimate interests. In opposition, the defendants failed to raise a triable issue of fact (*see Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d 505, 506 [2004]; *Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d

508, 509 [1989]). Accordingly, the Supreme Court should have granted that branch of Oakwood's cross motion which was for summary judgment dismissing the counterclaim.

Oakwood's remaining contentions are not properly before us. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.