JOHN PINK, Respondent, v HALF MOON COOPERATIVE APARTMENTS, SOUTH, INC., et al., Appellants. [891 NYS2d 107]—

The plaintiff, a tenant-shareholder of the defendant cooperative housing corporation (hereinafter the co-op), requested the co-op to execute a recognition agreement approving the encumbrance of his shares in the co-op as security for a business loan by a third party to a joint venture in which the plaintiff was a participant. The co-op refused to execute the recognition agreement. The plaintiff commenced the instant action

against the co-op and its board of directors to recover damages, inter alia, for breach of fiduciary duty and tortious interference with contract. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging breach of fiduciary duty by demonstrating that their determination not to sign the recognition agreement was made "in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990] [internal quotation marks omitted]). In opposition to the defendants' showing in this regard, the plaintiff failed to raise a triable issue of fact as to whether the co-op's board of directors acted (1) outside the scope of its authority, (2) in a way that did not legitimately further the corporate purpose, or (3) in bad faith (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 155 [2003]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty should have been granted.

Further, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging tortious interference with an existing contract, tortious interference with a prospective contract, and tortious interference with a prospective business relationship should also have been granted, as the defendants demonstrated their prima facie entitlement to judgment as a matter of law and the plaintiff, in opposition, failed to raise a triable issue of fact (*see generally* CPLR 3212 [b]).

In order to succeed on a cause of action alleging tortious interference with an existing contract, the plaintiff must establish: (1) the existence of a valid contract between it and a third party, (2) the defendants' knowledge of that contract, (3) the defendants' intentional procurement of the third party's breach of that contract without justification, and (4) damages (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Foster v Churchill*, 87 NY2d 744, 749-750 [1996]). Even if there were a valid, existing contract of which the defendants had knowledge, the defendants demonstrated that their decision to refuse the plaintiff's request for permission to finance a business venture by pledging his shares in the co-op as collateral for a business loan was not without justification. The plaintiff failed to raise a triable issue of fact in opposition to this showing.

Moreover, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the causes of action alleging tortious interference with a prospective contract and tortious interference with a prospective business relationship. The defendants demonstrated that, to the extent that any of their conduct interfered with the plaintiff's prospective business relationship with his coventurers in the development and production of a television program pilot episode, they were acting to protect the co-op's interests, and not for the sole purpose of harming the plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]; *Newport Serv. & Leasing, Inc. v Meadowbrook Distrib. Corp.*, 18 AD3d 454, 455 [2005]; *Lerman v Medical Assoc. of Woodhull*, 160 AD2d 838, 839 [1990]). In opposition to the branches of the motion addressed to those causes of action, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's repeated allegations, without any evidence, that the defendants acted improperly and unreasonably are merely speculation, and insufficient to defeat summary judgment with respect to those causes of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.