■ DAVID B. JACOBS, Appellant, v GEORGIA GRANT et al., Respondents, et al., Defendants. [6 NYS3d 623]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated October 25, 2012, as (a) denied his motion for summary judgment on the complaint, (b) granted the cross motion of the defendants Georgia Grant, Hawthorne Gardens Owners Corp., the 2007-2008 Board of Directors of the Hawthorne Gardens Owners Corp., Robert Mentz, Rosanna Ali, Audrey Hadden, Sue Duffy, Einsidler Management, Pamela Branham, the 2008-2009 Board of Directors of the Hawthorne Gardens Corp., Marina Ciccarone, Nora Stats, and Laura Parondo for summary judgment dismissing the complaint insofar as asserted against them, and (c) granted the separate cross motion of the defendant Advanced Restoration for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Hawthorne Gardens Owners Corp. (hereinafter the co-op), is a cooperative corporation which owns apartment buildings located on Smith Street in Freeport. The plaintiff was a shareholder-tenant of the co-op and stored personal belongings in a storage room located in the basement of the building in which his apartment was located. The plaintiff and other tenants were notified that, due to a building-wide asbestos abatement project, tenants were required to remove all personal items from the storage areas. The plaintiff refused to do so, and after sending out several notices and upon the advice of counsel, the co-op hired a moving company to remove and store the plaintiff's property until the completion of the asbestos abatement project.

The plaintiff commenced this action against, among others, the co-op, Georgia Grant (President of the Board of Directors of the co-op in 2008), the 2007-2008 Board of Directors of the co-op, Robert Mentz, Rosanna Ali, Audrey Hadden, Sue Duffy, Einsidler Management, Pamela Branham, the 2008-2009 Board of Directors of the co-op, Marina Ciccarone, Nora Stats, and Laura Parondo (hereinafter collectively the Hawthorne defendants), and Advanced Restoration, the asbestos abatement company. The amended complaint interposed causes of action, inter alia, to recover damages for conversion, unjust enrichment, and negligence.

The plaintiff moved for summary judgment on the complaint. The Hawthorne defendants and Advanced Restoration separately cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the plaintiff's motion and granted the Hawthorne defendants' and Advanced Restoration's cross motions for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.

The Supreme Court correctly determined that the Hawthorne defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the decision to remove the plaintiff's personal property located in a storage area of the subject co-operative apartment building in order to facilitate an asbestos abatement project was protected by the business judgment rule (see 40 W. 67th St. v Pullman, 100 NY2d 147, 153-154 [2003]; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]; Walden Woods Homeowners' Assn. v Friedman, 36 AD3d 691 [2007]; Captain's Walk Homeowners Assn. v Penney, 17 AD3d 617, 618 [2005];

*Hochman v 35 Park W. Corp.*, 293 AD2d 650, 651 [2002]). In opposition to the Hawthorne defendants' prima facie showing on their cross motion for summary judgment, the plaintiff failed to raise a triable issue of fact by submitting evidence in admissible form that the Hawthorne defendants acted "(1) outside the scope of [their] authority, (2) in a way that did not legitimately further the corporate purpose or (3) in bad faith" (*40 W. 67th St. v Pullman*, 100 NY2d at 155; *see Walden Woods Homeowners' Assn. v Friedman*, 36 AD3d at 692; *Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d 505 [2004]). Accordingly, the Supreme Court properly granted the Hawthorne defendants' cross motion for summary judgment.

Further, the Supreme Court properly granted Advanced Restoration's cross motion for summary judgment dismissing the complaint insofar as asserted against it, as Advanced Restoration established its prima facie entitlement to judgment as a matter of law and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Meyer v Staten Is. Univ. Hosp.*, 117 AD3d 920, 921 [2014]; *Nissan Motor Acceptance Corp. v Scialpi*, 94 AD3d 1067 [2012]; *Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491-492 [2008]).

The plaintiff's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.