■ MVB COLLISION, INC., Doing Business as MID ISLAND COLLISION, INC., Appellant, v PROGRESSIVE INSURANCE COMPANY, Respondent, et al., Defendants. [13 NYS3d 139]—In an action, inter alia, to recover damages for tortious interference with business relations, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered March 20, 2013, as granted that branch of the motion of the defendant Progressive Insurance Company which was for summary judgment dismissing the cause of action alleging tortious interference with prospective and existing business relations insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Progressive Insurance Company (hereinafter Progressive) demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging tortious interference with prospective and existing business relations insofar as asserted aginst it. With respect to so much of that cause of action as alleged tortious interference with prospective business relations, Progressive established that its conduct was, at least in part, to advance its own interests, not solely for the purpose of harming the plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *Moulton Paving, LLC v Town of Poughkeepsie*, 98 AD3d 1009, 1013 [2012]; *Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d 739, 741 [2009]; *Newport Serv. & Leasing, Inc. v Meadowbrook Distrib. Corp.*, 18 AD3d 454, 455 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 477-478 [2009]; *Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d at 741). Additionally, Progressive demonstrated its prima facie entitlement to judgment as a matter of law dismissing so much of that cause of action as alleged tortious interference with existing business relations (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313, 314 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact

(*see Guerrera v Zysk*, 119 AD3d 647, 648-649 [2014]; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996, 997 [2011]).

The plaintiff's contention that summary judgment should have been denied as premature under CPLR 3212 (f) is unpersuasive. A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]; *Corwin v Heart Share Human Servs. of N.Y.*, 66 AD3d 814, 815 [2009]). Here, the plaintiff did not satisfy its burden of demonstrating that Progressive's motion for summary judgment was premature (*see Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]). Accordingly, the Supreme Court properly granted that branch of Progressive's motion which was for summary judgment dismissing the cause of action alleging tortious interference with prospective and existing business relations insofar as asserted against it.

The plaintiff's contention that the Supreme Court improperly granted that branch of Progressive's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging violations of General Business Law § 349 is not properly before this Court, as that motion was decided in a prior order dated March 23, 2010 (*see Pauyo v Pauyo*, 102 AD3d 847, 848 [2013]; *Campione v Alberti*, 98 AD3d 706, 707 [2012]; *Murray v City of New York*, 43 AD3d 429, 430 [2007]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.