■ PAUL A. BUCCELLATO, Respondent, v HIGH VIEW ESTATES OWNERS, CORP., et al., Appellants. [16 NYS3d 577]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 8, 2014, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff, a shareholder tenant of High View Estates Owners, Corp., a residential cooperative corporation (hereinafter High View), commenced this action against High View, High View's Board of Directors (hereinafter the Board), and a number of individuals who were members of the Board. The plaintiff alleged, inter alia, that the defendants breached a fi-

duciary duty and committed fraud in connection with the determination not to approve a sale of the shares referable to his apartment unit in the manner that he proposed. The plaintiff sought to recover damages, including punitive damages, and sought a judgment declaring that the Board "be required to approve any fiscally responsible purchaser ready, willing and able to purchase his co-op unit for the sum of at least $42,500." The defendants moved for summary judgment dismissing the complaint. In an order dated January 8, 2014, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal from that portion of the order, and we reverse the order insofar as appealed from.

The Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which alleged breach of fiduciary duty, by demonstrating that the business judgment rule protected the determination not to approve a sale of the shares referable to the plaintiff's apartment unit in the manner proposed by the plaintiff (see Jacobs v Grant, 127 AD3d 924, 925 [2015]; Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d 739, 740 [2009]; Oakwood On The Sound, Inc. v David, 63 AD3d 893, 894 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (see Jacobs v Grant, 127 AD3d at 925; Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d at 740; Oakwood On The Sound, Inc. v David, 63 AD3d at 894). Further, the defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the second, third, and fourth causes of action, which alleged fraud, and the plaintiff failed to raise a triable issue of fact in opposition to that showing (see Island Sports Physical Therapy v Kane, 84 AD3d 879, 881 [2011]). Additionally, since the plaintiff has not identified or secured a potential buyer who is fiscally responsible and has offered the sum of $42,500 to purchase the shares referable to the subject apartment unit, no justiciable controversy exists that would permit a declaration of the rights and obligations of the parties. Rather, any declaration in this regard would constitute an impermissible advisory opinion. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action, which sought a declaratory judgment (see Village of Mount Kisco Police Benevolent Assn. v Village of Mount Kisco, 280 AD2d 469 [2001]; Fragoso v Romano, 268 AD2d 457 [2000]). Finally, "New York does not recognize an independent cause of action for punitive damages. Instead, '[a] demand or request for punitive

damages is parasitic and possesses no viability absent its attachment to a substantive cause of action' " (*Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 80 [2007], quoting *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]). Since the Supreme Court should have directed the summary dismissal of the causes of action asserted in the complaint, it should also have directed the dismissal of the demand for punitive damages. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.