Veeramuthu P. Gounder, 
 Appellant,
against
Progressive Credit Union, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered April 4, 2014. The order granted the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7).




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action by filing a summons with endorsed complaint, in which he stated that he sought "the return" of the principal sum of $25,000. In his application for a pro se summons, plaintiff stated, in addition, that defendant had purchased a large number of radios from Communicar, Inc. (Communicar) but had failed to pay for them. In its answer, defendant denied liability, and asserted a number of affirmative defenses. Defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (3) and (7), and also sought summary judgment under CPLR 3212. In a supporting affidavit, defendant's general counsel stated that he had reviewed defendant's records, and that his review had shown that defendant had never entered into any agreements or contracts with plaintiff, or dealt with plaintiff in any capacity. He added that defendant had never purchased any radios from Communicar, although he said that defendant, which is a credit union, had acquired a number of Communicar radios when it had foreclosed on collateral that Progressive's members had pledged in connection with loans they had taken, or when Progressive's defaulting borrowers had voluntarily surrendered radios to defendant in lieu of foreclosure. Defendant argued that, in any event, its acquisition of Communicar radios did not provide a basis for it to owe money to plaintiff. Although, in his opposition to defendant's motion, plaintiff disputed defendant's claim that it had never purchased any Communicar radios, plaintiff failed to provide any explanation for his claim that defendant owed him money. The Civil Court granted the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7).
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint is afforded a liberal construction (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "[A] court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects" (Quinones v Schaap, 91 AD3d 739, 740 [2012]). The plaintiff's allegations should be accepted as true, and the court must determine whether the facts fit any cognizable legal theory (see Morales v Copy Right, Inc., 28 AD3d 440 [2006]). Although the formal pleading requirements of the CPLR are not applicable to indorsement pleadings (see CCA 903), the relaxed pleading requirements of CCA 903 do not make such pleadings immune to [*2]dismissal under CPLR 3211 (a) (7) (see Orchid Constr. Corp. v Tablada, 36 Misc 3d 138[A], 2012 NY Slip Op 51446[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
In our opinion, the Civil Court properly dismissed the action, since plaintiff neither pleaded facts nor made any additional factual submissions in opposition to defendant's motion from which any cause of action against defendant can be discerned. To the extent that plaintiff alleged that he was a shareholder of Communicar, and that defendant had wronged Communicar, we note that, as a general proposition, an individual cannot recover for an alleged wrong done to a corporation (see New Castle Siding Co. v Wolfson, 97 AD2d 501 [1983]; see also MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836 [2011]; Breiterman v Elmar Props., 123 AD2d 735 [1986]). On appeal, plaintiff asserts for the first time that the action was not one for the return of money, but rather was for punitive damages. Without considering whether such a claim could even have been ascertained from plaintiff's submissions to the Civil Court, we note that, in any event, in New York, "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616 [1994]; accord Buccellato v High View Estates Owners, Corp., 131 AD3d 912, 913-914 [2015]; Randi A. J. v Long Is. Surgi-Center, 46 AD3d 74, 80 [2007]).
Plaintiff suggests that the Civil Court should have afforded him a greater opportunity to remedy the technical defects in his case. However, "[a] litigant appearing pro se acquires no greater right than any other litigant" (Roundtree v Singh, 143 AD2d 995, 996 [1988]), and does so at his or her own peril (e.g. Banushi v Lambrakos, 305 AD2d 524 [2003]; CMP Protective & Investigative Group, Inc. v Antongiorgi, 44 Misc 3d 143[A], 2014 NY Slip Op 51328[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
We note that we do not consider those materials submitted on appeal which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 17, 2017