■ WALTON KOCH et al., Respondents, v CHARLES A. BILICH et al., Appellants. [607 NYS2d 74] —In an action to recover damages for professional malpractice, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated September 20, 1991, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In or about December 1985, the plaintiff Walton Koch sold his equity interest in the M. C. Machine and Tool Corporation back to the corporation for a purchase price of $86,200. Pursuant to the terms of a "buy-sell" agreement which was drafted by the defendant Charles A. Bilich, the corporation delivered certain promissory notes payable to the order of the plaintiff. The notes were personally guaranteed by two individual shareholders of the corporation, but no other provision was made to secure payment of the amounts owed to the plaintiff. Additionally, no provision was made to absolve the plaintiff from certain corporate liabilities he had previously guaranteed. The corporation stopped making payments on the notes approximately five months after the agreement was executed.

The plaintiffs commenced an action against the corporation to recover on the notes, but the action was stayed by the corporation's filing of a Chapter 11 bankruptcy proceeding. The plaintiffs obtained a judgment against the individuals who had guaranteed payment of the notes, but they could not collect because the two had filed for bankruptcy. The plaintiffs thereafter commenced this action for legal malpractice against the defendant Bilich and his law firm. The Supreme Court denied the defendants' motion for summary judgment and this appeal ensued. We now affirm.

The record indicates that the defendants represented numerous parties with potentially conflicting interests in connection with the subject buy-sell agreement. Allegations that the defendants failed to properly advise the plaintiffs concerning the need to obtain security for payment of the amounts owed to them, as well as their continued responsibility for payment of certain corporate obligations, raise triable issues with respect to whether the defendants committed professional mal-

practice. Summary judgment was therefore properly denied. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.