■ AARON HOCHMAN, Appellant, et al., Plaintiff, v 35 PARK WEST CORPORATION, Respondent. [741 NYS2d 261] —In an action, inter alia, to recover damages for injury to property rights, the plaintiff Aaron Hochman appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated February 23, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1991 the plaintiff Aaron Hochman (hereinafter the plaintiff) pledged the shares of his cooperative apartment to Citibank as collateral for a business loan. After the plaintiff's company defaulted on its obligations to Citibank, the bank took possession of the collateral pledged to secure the loan, and new stock certificates and a new proprietary lease were issued to Citibank's nominee. In 1996 the plaintiff entered into a stipulation of settlement with Citibank in which he agreed to pay the entire outstanding balance of the business loan. Pursuant to the stipulation, Citibank agreed, inter alia, to reconvey the plaintiff's cooperative shares and proprietary lease back to him. However, the transfer to the plaintiff was conditioned upon the consent of the defendant cooperative corporation. In the event that such consent could not be obtained, Citibank agreed to pay the plaintiff $460,000 for the apartment, less the

maintenance and other expenses paid by its nominee. The cooperative's Board of Directors denied the plaintiff's request to approve the transfer of the shares and proprietary lease back to him, due to his alleged former financial difficulties and history of failing to make maintenance payments. According to the plaintiff, the apartment was later sold for $800,000. The plaintiff then commenced this action against the cooperative corporation, seeking, inter alia, damages for its refusal to ratify Citibank's agreement to reconvey the apartment shares and lease back to him. Over three years later, the defendant moved for summary judgment, contending, inter alia, that its decision denying him permission to reacquire his rights to the apartment came within the purview of the business judgment rule. The Supreme Court granted the defendant's motion for summary judgment, and we affirm.

Contrary to the plaintiff's contention, the Supreme Court correctly found that the business judgment rule was the proper standard to apply in reviewing the defendant's decision. Although the plaintiff correctly asserts that he had a statutory right to redeem his cooperative shares from Citibank until the bank disposed of the shares (*see* UCC 9-506), it is undisputed that when Citibank took possession of the plaintiff's collateral, new stock certificates and a new proprietary lease were issued to its nominee. Accordingly, the plaintiff's request to have the shares and lease conveyed back to him came within the scope of the provision of the proprietary lease which prohibits assignment of the lease without the written consent of the cooperative board. Thus, the decision whether to permit the requested assignment was within the board's authority.

Furthermore, the defendant's motion for summary judgment was properly granted pursuant to the business judgment rule, which prohibits judicial inquiry into decisions made by cooperative or condominium governing boards which are " 'taken in good faith in the exercise of honest judgment' " (*Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538, quoting *Auerbach v Bennett,* 47 NY2d 619, 629). Pursuant to the rule, the party seeking review of a governing board's actions has the burden of demonstrating a breach of fiduciary duty, through evidence of unlawful discrimination, self-dealing, or other misconduct by board members (*see Matter of Levandusky v One Fifth Ave. Apt. Corp., supra* at 539, *Kleinman v Point Seal Restoration Corp.,* 267 AD2d 430; *Jones v Surrey Coop. Apts.,* 263 AD2d 33, 36). In support of its motion for summary judgment, the defendant made a prima facie showing that the board members acted in good faith and within the

scope of its authority in denying the plaintiff's request to have his apartment shares and proprietary lease reconveyed to him. In opposition to the motion, the plaintiff failed to submit any evidence to support his conclusory assertion that board members engaged in misconduct and self-dealing. Thus, the defendant was entitled to summary judgment (*see Kleinman v Point Seal Restoration Corp., supra; Cooper v 6 W. 20th St. Tenants Corp.,* 258 AD2d 362; *Jones v Surrey Coop. Apts., supra*).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.