■ THERESA MEROLO, Appellant, v BOARD OF MANAGERS OF THE HILLS AT GRASMERE CONDOMINIUM II et al., Respondents. [771 NYS2d 151]—

In an action, inter alia, for an injunction to remove a structure and to recover damages for discriminatory application of condominium guidelines, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 11, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint pursuant to the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537 [1990]; *Hochman v 35 Park W. Corp.*, 293 AD2d 650, 651 [2002]). The defendants made a prima facie showing that the decision to build a shed on the common area of the condominium adjacent to the plaintiff's property was made in good faith and within the scope of authority provided by the condominium's bylaws (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). They further demonstrated that the condominium's architectural guidelines were not selectively enforced against the plaintiff, and that the defendant Michael Guido, a fellow condominium homeowner, was not culpable. In opposition, the plaintiff failed to present any competent evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Accordingly, the defendants' motion was properly granted and the complaint was properly dismissed. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.