■ MICHAEL S. HORWITZ et al., Respondents, v 1025 FIFTH AVENUE, INC., Appellant. [777 NYS2d 482]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about June 26, 2003, to the extent that it denied defendant's motion for summary judgment dismissing the amended complaint and granted plaintiffs' cross motion for summary judgment on their first and second causes of action, unanimously reversed, on the law, with costs, the motion granted, the cross motion denied and a declaration issued in favor of defendant that it is entitled to enforce its house rules with respect to the removal of awnings.

Plaintiffs are the owners of the shares and proprietary lease appurtenant to apartment 11B south in premises located at 1025 Fifth Avenue, owned and operated by defendant residential cooperative corporation. The apartment includes a terrace that is covered by a 30-foot awning anchored to the exterior facade of the building under the bedroom windows of apartment 12B south, situated directly above. Although it is presently prohibited by the cooperative's house rules without prior written approval, the parties agree that the awning was installed around the time of the building's completion in 1954.

Pursuant to a 1985 house rule recodified in 1995, the cooperative adopted a policy restricting the use of air conditioning units to through-the-wall installations. When the upstairs tenants proposed to install air conditioning units in the bedrooms of apartment 12B, the board of directors required removal of plaintiffs' awning, citing the house rule. Plaintiffs refused to comply and commenced this action seeking, inter alia: (1) a declaration that they have a license to maintain the awning pursuant to the proprietary lease, (2) an injunction permanently enjoining interference with their use of the awning and (3) a declaration that similarly situated share owners are entitled to maintain their awnings. The cooperative moved for summary judgment dismissing the amended complaint, and plaintiffs cross-moved for a declaration that they are not in violation of their proprietary lease and an injunction against interference

with their use and enjoyment of the awning. Supreme Court denied defendant's motion and granted plaintiffs injunctive relief.

We perceive no basis for Supreme Court's interference in the management prerogative of the cooperative's board of directors (*Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 325 [1998], citing *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]). Irrespective of whether the it was permissible at the time it was installed, the cooperative's house rules presently prohibit the awning, and the cooperative's right to require its removal is preserved by the nonwaiver provision in the proprietary lease (*see Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442, 446 [1984]). The rule prohibiting awnings is applicable to the tenants generally and furthers no discriminatory purpose that would overcome the presumption that the directors exercised their honest judgment to promote the lawful and legitimate interests of the corporation (*Jones v Surrey Coop. Apts.*, 263 AD2d 33, 36 [1999]). The rule provides a basis for the board's action independent of any need occasioned by the upstairs tenants' installation of air conditioning units. Finally, the cooperative does not seek to terminate plaintiffs' lease so as to warrant heightened vigilance in assessing the board's exercise of business judgment (*40 W. 67th St. v Pullman*, 100 NY2d 147, 157-158 [2003]). Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.