■ KEW GARDENS HILLS APARTMENT OWNERS, INC., Respondent, v HORING WELIKSON & ROSEN, P.C., et al., Appellants, and KEW GARDENS HILLS APARTMENT ASSOCIATES, LP, et al., Respondents. [828 NYS2d 98]—

In an action, inter alia, to recover damages for breach of fiduciary duty and legal malpractice, the defendants Horing Welikson & Rosen, P.C., Horing & Welikson, P.C., Eric Schultz, and Robert Gordon appeal, and the defendant Gordon Miller separately appeals, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 10, 2005, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Cheshire Kew Village, L.P., Cheshire Group, and Susan Hewitt separately appeal, as limited by their notice of appeal and brief, from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against them for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion of the defendants Cheshire Kew Village, L.P., Cheshire Group, and Susan Hewitt which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against the defendant Cheshire Group, and the seventh cause of action insofar as asserted against the defendants Cheshire Kew Village, L.P., and Susan Hewitt and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that discovery shall be completed within 60 days of the service upon the appellants of a copy of this decision and order.

The Supreme Court correctly denied the motion of the defendants Horing Welikson & Rosen, P.C., Horing & Welikson, P.C., Eric Schultz, and Robert Gordon (hereinafter the HWR defendants) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The HWR defendants established their entitlement to judgment as a mat-

ter of law dismissing the legal malpractice claims asserted against them with regard to the advice they gave the plaintiff concerning the restructuring of its finances (see *Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]; *Turner v Robins*, 267 AD2d 376 [1999]; *Iannarone v Gramer*, 256 AD2d 443 [1998]). In response, however, the plaintiff submitted documents raising specific issues regarding the legalities of the refinancing and its legal consequences compared to other potential alternatives (see *Koch v Bilich*, 200 AD2d 716 [1994]). The record demonstrates that the present co-op board was unable to locate any written opinions given to it. Discovery as to material in the files of the defendant law firm and/or other discovery of material within the exclusive knowledge and possession of the HWR defendants is warranted. Thus, the Supreme Court correctly determined that summary judgment is inappropriate before adequate discovery has been conducted (see CPLR 3212 [f]; *Plaza Invs. v Kim*, 208 AD2d 704 [1994]; *Government Empls. Ins. Co. v Desiderio*, 104 AD2d 791 [1984]).

The Supreme Court properly denied the defendant Gordon Miller's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Miller, a member of the Board of Directors of the plaintiff, established his entitlement to judgment as a matter of law by demonstrating that he acted in good faith and in furtherance of corporate purposes (see *Hochman v 35 Park W. Corp.*, 293 AD2d 650 [2002]). He contends that his approval of the refinancing was a business judgment not subject to judicial scrutiny (see *40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]). In response, however, the plaintiff submitted documents indicating that certain terms of the refinancing were detrimental to the plaintiff and highly beneficial to the defendant Cheshire Kew Village, L.P. (hereinafter the Lender) and the defendant Kew Gardens Hills Apartment Associates, L.P. (hereinafter the Sponsor), and that shareholder approval should have been obtained. Resolution of questions as to whether Miller acted in the plaintiff's interests (see Business Corporation Law § 720 [a] [1]; *Rapoport v Schneider*, 29 NY2d 396, 403 [1972]; *Aronoff v Albanese*, 85 AD2d 3, 5-6 [1982]; *Meredith v Camp Hill Estates*, 77 AD2d 649 [1980]) and/or whether his purported reliance on the advice of the HWR defendants was reasonable are premature in view of the demonstrated need for further discovery of the legal advice rendered (see *Kimmell v Schaefer*, 89 NY2d 257, 265-266 [1996]; cf. *Gilbert v Burnside*, 13 AD2d 982 [1961], affd 11 NY2d 960 [1962]). Thus, the Supreme Court correctly determined that summary judgment at this juncture is

premature (*see* CPLR 3212 [f]; *Plaza Invs. v Kim, supra; Government Empls. Ins. Co. v Desiderio, supra*).

The Supreme Court properly denied that branch of the motion of the Lender and Susan Hewitt pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging that they aided and abetted the Sponsor in breaching its fiduciary duty to the plaintiff (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). The plaintiff sufficiently alleged that the Sponsor owed a fiduciary duty to it (*see Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 568-569 [1984]) and that the Lender participated in its alleged breach (*cf. H2O Swimwear v Lomas*, 164 AD2d 804 [1990]; *Rosen v Rosen*, 78 AD2d 911 [1980]). Contrary to the Lender's and Hewitt's contentions, the terms of the release given to the Lender by the plaintiff at the time of the refinancing which specifically exclude some claims against the lender and/or sponsor do not conclusively preclude the plaintiff's claims in this action.

The Lender and Hewitt are correct, however, that the seventh cause of action alleging conspiracy to breach a fiduciary duty should have been dismissed pursuant to CPLR 3211 (a) (7) because it is duplicative of the aiding and abetting cause of action (*see American Baptist Churches of Metro. N.Y. v Galloway*, 271 AD2d 92 [2000]).

The allegations against Hewitt individually are sufficient to support the claim that she participated in the commission of a tort in furtherance of company business, and is therefore not insulated by Limited Liability Company Law § 609 (a) (*see Rothstein v Equity Ventures*, 299 AD2d 472 [2002]). However, since the plaintiff made no allegations as to any participation by the Cheshire Group, the plaintiff failed to state a claim against that defendant (*see* CPLR 3211 [a] [7]).

The appellants' remaining contentions are without merit. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.