OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
The proprietary lease between landlord, a cooperative residential corporation, and tenant provides that the lease may be terminated when the stockholders determine that “because of objectionable conduct on the part of the Lessee . . . the tenancy of the Lessee is undesirable.” The lease further provides that a tenant engages in objectionable conduct, inter alia, when he or she “[rjepeatedly . . . violate[s] or disregard^] the [cooperative’s] rules and regulations.” The corporate bylaws provide that the stockholders may propose resolutions to be considered at a special meeting, which may be convened “at any time” by a majority vote of the Board of Directors, “provided that . . . there shall be filed with the Secretary a petition signed by 200 stockholders.” A resolution may be adopted when a majority of the stockholders are present and two thirds or more vote in the resolution’s favor.
In early 2004, 225 stockholders signed a petition to require a vote, at “the Annual or Special Meeting of [stockholders],” on a resolution terminating tenant’s proprietary lease. The proposed resolution cited tenant’s “past conduct ... in continual disregard and violation of the rules and regulations of the Cooperative and his abuse of the judicial system in bringing unfounded lawsuits against the [cooperative].” In response to the petition, the Board voted to hold the special meeting when the stockholders convened for the annual stockholders’ meeting in August 2004. At the meeting, after several stockholders spoke with respect to the resolution and tenant addressed the stockholders, 1,259 of the 1,380 voting stockholders supported the resolution.
*103 In October 2004, landlord served tenant with notice that his lease had been terminated. The notice alleged that on 94 occasions, from March 31, 1986 through April 28, 2004, tenant violated one or more of the cooperative’s bylaws or its rules and regulations, thereby “engaging] in objectionable conduct in violation of the proprietary lease.” In an attached listing, landlord set forth the dates and nature of the violations, which included the repeated harassment of security officers, the defacement of cooperative property, numerous violations of noise, litter, animal and motor vehicle regulations (certain of which threatened the safety of other stockholders), and “interfering with [the] rights of other [stockholders].” In response to the subsequent notice of petition and petition, tenant interposed an answer alleging, among other matters, that the procedures employed to terminate his lease were flawed, that insofar as the termination was based on the parties’ prior litigation such a ground is not specified in the lease, bylaws or rules and regulations as a form of objectionable conduct and, in any event, represented an impermissible retaliation for his exercise of his right to legal process. Tenant also asserted counterclaims based on landlord’s retaliation and bad faith, and for attorney’s fees.
Landlord moved for summary judgment on its petition and to dismiss tenant’s counterclaims. In its supporting papers, landlord set forth tenant’s violations, the lengthy history of tenant’s largely meritless litigation against the cooperative, which cost the cooperative several hundred thousand dollars in legal fees, the procedures required by the lease and bylaws to terminate tenancies, and the actions taken by the stockholders and Board, from the circulation of the petition to the vote which terminated the tenancy. Tenant opposed the motion and cross-moved for an order dismissing the petition on the grounds of impermissible retaliation, improprieties in the procedures leading to the stockholders’ vote, laches, landlord’s failure to provide tenant an opportunity to contest certain of the violation notices, and that the parties’ prior litigation was an improper basis to terminate the tenancy. The court below denied tenant’s cross motion and granted landlord’s motion, concluding that landlord met its burden to establish sufficient grounds to terminate the tenancy, that it terminated the tenancy in conformity with tenant’s procedural rights under the lease, bylaws, and regulations, and that tenant failed to establish a triable issue with respect to any defense or counterclaim. Tenant appeals and we affirm.
*104 In 40 W. 67th St. v Pullman (100 NY2d 147 [2003]), the court invoked the “business judgment rule” to uphold a cooperative residence board’s termination of a stockholder’s proprietary lease. The rule requires the courts to “exercise restraint and defer to good faith decisions made by boards of directors in business settings” (id. at 153) “[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]). “[T]he competent evidence that is the basis for the shareholder vote will be reviewed under the business judgment rule [and the] courts will normally defer to that vote and the shareholders’ stated findings as competent evidence that the tenant is indeed objectionable” (40 W. 67th St. v Pullman, 100 NY2d at 155) even if “the results show that what they did was unwise or inexpedient” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 538 [internal quotation marks and citation omitted]; see also Martino v Board of Mgrs. of Heron Pointe on Beach Condominium, 6 AD3d 505, 506 [2004]).
With respect to a board’s conduct, the Pullman court acknowledged that “the broad powers of cooperative governance carry the potential for abuse when a board singles out a person for harmful treatment or engages in unlawful discrimination, vendetta, arbitrary decisionmaking or favoritism,” which conduct is “incompatible with good faith and the exercise of honest judgment” (40 W. 67th St. v Pullman, 100 NY2d at 157). To “overcome the presumption that the [board members] exercised their honest judgment to promote the lawful and legitimate interests of the corporation” (Horwitz v 1025 Fifth Ave., Inc., 7 AD3d 461, 463 [2004]), a tenant must raise sufficient facts with respect to fraud, self-dealing, or other misconduct by the board to “trigger further judicial scrutiny” (40 W. 67th St. v Pullman, 100 NY2d at 155; see also Pelton v 77 Park Ave. Condominium, 38 AD3d 1, 10 [2006]; Walden Woods Homeowners’ Assn. v Friedman, 36 AD3d 691, 692 [2007]). When scrutinizing a cooperative’s conduct in terminating a tenancy, the courts will, inter alia, examine the corporate rules and bylaws to determine whether the action was authorized, whether the cooperative followed its own procedures for terminating a tenancy, and whether the cooperative acted in good faith and in the corporate interest to terminate the tenancy for the reasons alleged (40 W. 67th St. v Pullman, 100 NY2d at 156; 1050 Tenants Corp. v Lapidus, 39 AD3d 379, 383 [2007]).
*105 Here, the cooperative established that more than the necessary 200 stockholders signed the petition, that the resolution specified the nature of the conduct alleged to be objectionable, that the Board properly convened a special meeting after timely notifying all of the stockholders, including tenant, of the text of the resolution to be presented at the special meeting, that the requisite number of stockholders were present for the vote, and that the required two thirds of those voting supported the resolution. Tenant adduces no support in the lease or bylaws for his contention that a special meeting to consider a stockholders’ resolution may not be convened in the course of an annual shareholders’ meeting, and he fails to establish that the meeting and voting were improperly conducted. We also reject tenant’s challenge to the stockholders’ determination that the rules violations and litigation constitute objectionable conduct. The co-op rule herein barring stockholders from “interfering with the rights of other [shareholders]” is sufficiently broad to encompass the rules violations and litigation which the cooperative deemed to constitute objectionable conduct (see 40 W. 67th St. v Pullman, 100 NY2d at 157 n 6; 1050 Tenants Corp. v Lapidus, 39 AD3d at 383). As tenant has failed to “overcome the presumption that the [stockholders] exercised their honest judgment to promote the lawful and legitimate interests of the corporation” (Horwitz v 1025 Fifth Ave., Inc., 7 AD3d at 462), no further judicial scrutiny of the propriety of the stockholders’ determination that tenant’s conduct was objectionable within the contemplation of the proprietary lease is warranted.
We note that tenant’s counterclaims were properly dismissed for the reasons stated in the opinion of the court below.
Accordingly, the final judgment is affirmed.
Pesce, EJ., Weston Patterson and Belen, JJ., concur.