**BRIARPATCH LIMITED LP and Gerard F. Rubin, Plaintiffs– Appellants,**

v.

**PHOENIX PICTURES, INC. and Morris "Mike" Medavoy, Defendants–Appellees,**

**Geisler Roberdeau, Inc., Defendant.**

No. 07–5536–cv.

United States Court of Appeals, Second Circuit.

March 2, 2009.

Barry L. Goldin, Allentown, PA, for Plaintiffs–Appellants.

Vincent H. Chieffo (Ronald D. Lefton, of counsel), Greenberg Traurig, LLP, New York, NY, for Defendants–Appellees.

Present: AMALYA L. KEARSE, ROBERT A. KATZMANN, Circuit Judges, and JOSEPH F. BIANCO,[1] District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and **REMANDED** for further proceedings.

The plaintiffs-appellants Briarpatch Limited LP ("Briarpatch") and Gerard F. Rubin appeal from so much of the judgments of the United States District Court for the Southern District of New York (Sweet, J.), entered May 3, 2007 and November 13, 2007, as granted summary judgment in favor of defendants Phoenix Pictures, Inc. ("Phoenix") and Morris "Mike" Medavoy, denied plaintiffs' motion for summary judgment, and denied plaintiffs' request for attorney's fees and costs against defaulting defendant Geisler Roberdeau, Inc. ("GRI"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Plaintiffs' declaratory judgment and copyright infringement claims fail because Briarpatch Film Corp. ("BFC"), not plaintiffs, held legal title to the copyrights at issue. Plaintiffs' contention that BFC transferred legal title to Briarpatch is not supported by any writing in the record, and plaintiffs have not pointed to any operation of law by which title would have been transferred. *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.").

Plaintiffs attempt to circumvent the fact of BFC's legal ownership of the copyrights by arguing that the Limited Partnership Agreement ("LPA"), or a prior oral partnership agreement, gave Briarpatch an equitable interest of some sort in the copyrights. We need not decide, however, whether an equitable interest was created or what the terms of any such interest

1. The Honorable Joseph F. Bianco, of the United States District Court for the Eastern District of New York, sitting by designation.

might be, because Phoenix took title to the copyrights free of such purported equitable interest. Under New York law, a recipient of property takes the property free of any equitable interest, such as would give rise to a constructive trust, when the recipient is a bona fide purchaser. *See, e.g., Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189, 192, 194 (1978). A bona fide purchaser is "one who took without notice that [the property] had been wrongfully obtained." *Majer v. Schmidt*, 169 A.D.2d 501, 564 N.Y.S.2d 722, 725 (App.Div.1991) (citing *Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189). Phoenix purchased the copyrights for value, and plaintiffs have not adduced sufficient evidence from which a trier-of-fact could reasonably infer that Phoenix had knowledge that the actions of BFC, Robert Geisler, or John Roberdeau breached any duties to Briarpatch or Rubin. At most, the evidence that plaintiffs identify shows that defendants were aware of Rubin's existence and the fact that he had invested money with Geisler and Roberdeau for the purpose of developing the project to which the copyrights related. That knowledge, however, is not enough to allow a reasonable inference that defendants (1) were aware that Rubin had any specific relationship with BFC, Geisler, or Roberdeau, and (2) were further aware of specific terms of such a relationship that BFC, Geisler, and Roberdeau were breaching. Although plaintiffs claim that Geisler's deposition testimony shows that defendants were given a copy of the LPA, plaintiffs grossly mischaracterize that testimony—Geisler actually said "I have the vaguest recollection, vaguest recollection—No, I can't say this because it would be very significant and I don't know that I'm right. I think we gave—I think we gave—I think we gave Phoenix the limited partnership agreement with Rubin. I can't be sure. I just can't be sure...." Such equivocal testimony is

not enough to support an inference that defendants had knowledge of the existence or terms of the LPA.

Plaintiffs' claim that defendants aided and abetted a breach of fiduciary duty fails for the same reason—they have not adduced evidence sufficient to allow a trier-of-fact to reasonably infer that the defendants had "actual knowledge" of BFC, Geisler, and Roberdeau's breaches of their fiduciary duties to the plaintiffs, as required by New York law. *See, e.g., In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir.2005). Plaintiffs' evidence is insufficient to allow an inference that defendants had knowledge of the LPA and its terms, let alone an inference that defendants knew that BFC, Geisler, and Roberdeau were going to fail to comply with those terms. The claim of conspiracy to breach fiduciary duties fails as well, since it is merely duplicative of the aiding and abetting count. *See, e.g., Kew Gardens Hills Apt. Owners, Inc. v. Horing Welikson & Rosen, P.C.*, 35 A.D.3d 383, 828 N.Y.S.2d 98, 101 (2006); *Durante Bros. & Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 251 (2d Cir.1985).

Because we affirm the district court's grant of summary judgment in favor of defendants on all claims, we also affirm the district court's denial of plaintiffs' motion for summary judgment on defendants' affirmative defenses as moot.

Finally, as to plaintiffs' appeal of the district court's denial of their motion for fees and costs as to defaulting defendant GRI, it does not appear that the district court articulated any reasons for the denial of that motion. Because the district court's reasons are not clear from the record, we cannot review its decision. Accordingly, we remand the case to the district court, pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), for the limited

purpose of allowing the district court to explain its decision to deny plaintiffs' motion for attorney's fees and costs.[2]

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and the case is **REMANDED**. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification on the motion for attorney's fees and costs. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of the portion of this case concerning the motion for attorney's fees and costs.

2. Plaintiffs have requested that, should the case be remanded, it be remanded to a different district court judge. However, as a basis for that request, plaintiffs identify only one remark made by the district court in 2001, well before the instant appeal and, indeed, before a previous appeal. When deciding whether to reassign a case on remand, "we look to the following factors: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 142 (2d Cir.2007) (internal quotation marks omitted). Those factors do not weigh in favor of reassignment in this case, where the alleged "bias" is a single comment made over seven years ago and the remand is for the limited purpose of allowing the district court to explain its decision on the motion for attorney's fees and costs.

