■ BAXTER STREET CONDOMINIUM, by its Board of Managers, Respondent, v LPS BAXTER HOLDING Co., LLC, Appellant. [126 NYS3d 417]—

Judgments, Supreme Court, New York County, (Anil C. Singh, J.), entered October 22, 2013 and October 17, 2013, awarding plaintiff $46,882.52, $42,053.75, and $46,349.99, unanimously affirmed, with costs. Appeals from the underlying orders, same court and Justice, entered June 20, 2013, which granted plaintiff's consolidated motions for summary judgment in three actions, severed the claims for legal fees, and referred them to a referee to hear and report, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Plaintiff condominium established its entitlement to recover unpaid common charges and late fees from defendant, a designee of the sponsor and an owner of three commercial condominium units, representing defendant's proportionate share of a $700,000 assessment issued against all unit owners. The condominium board's determination that the assessment was necessary for "repair" work, which, pursuant to the bylaws, does not require the sponsor's consent or the unit owners' approval, is protected by the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Pomerance v McGrath*, 124 AD3d 481 [1st Dept 2015]). The board's determinations are supported by evidence of water leaks that have been recurring since the building's construction, an engineer's report identifying various defects as the cause of the water infiltration, including the use of vulnerable material during construction of the balconies, and recommending remedial measures, as well as the engineer's estimated budget for the work to be performed (*see Helmer v Comito*, 61 AD3d 635, 636-637 [2d Dept 2009]; *Gennis v Pomona Park Bd. of Mgrs.*, 36 AD3d 661, 663 [2d Dept 2007]). In opposition, defendant failed to making a showing of bad faith, fraud, self-dealing or unconscionability (*see Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium*, 65 AD3d 985, 989 [1st Dept 2009]; *Jones v Surrey Coop. Apts.*, 263 AD2d 33, 36 [1st Dept 1999]).

The pendency of a separate action by the condominium against the sponsor and others, alleging different causes of action arising from the design and construction of the building, does not require plaintiff to await the resolution of that action before making an assessment for what it deems to be necessary repairs. Contrary to defendant's contention, the bylaws provide that, to the extent the board is responsible for maintenance and repair of the limited common elements, which include the balconies, the same "shall be charged to *all* Unit Owners as a Common Expense" (art V, section 10 [B] [emphasis added]).

Defendant cannot avoid summary judgment by speculating that discovery will provide the necessary evidence (*see Silverstein v Westminster House Owners, Inc.*, 50 AD3d 257, 258 [1st Dept 2008]). The mere fact that depositions have not been held is an insufficient ground to excuse the deficiencies in defendant's proof (*see Perez v Brux Cab Corp.*, 251 AD2d 157, 160 [1st Dept 1998]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.