811 Walton Tenants Corp., Petitioner-Landlord-Appellant, 
against
811 Walton Rescue LLC, Respondent-Tenant-Respondent, and Thomas Smith, Respondent-Undertenant.



Landlord appeals from an order of the Civil Court of the Civil Court of the City of New York, Bronx County (Elizabeth J. Yalin Tao, J.), dated November 16, 2017, which granted tenant's motion for summary judgment dismissing the holdover petition, without prejudice, and denied, as moot, landlord's cross motion to dismiss affirmative defenses.




Per Curiam.
Order (Elizabeth J. Yalin Tao, J.), dated November 16, 2017, affirmed, with $10 costs. 
Civil Court properly granted tenant's motion for summary judgment dismissing the holdover petition. The undisputed evidence establishes that the cooperative landlord failed to follow the requisite procedures, set forth in paragraph 31 of the proprietary lease, in terminating the lease based upon tenant's "noncurable" objectionable conduct (see 40 W. 67th St. v Pullman, 100 NY2d 147, 155-156 [2003]; 1050 Tenants Corp. v Lapidus, 39 AD3d 379, 383 [2007], lv denied 9 NY3d 807 [2007]; Breezy Point Coop., Inc. v Young, 16 Misc 3d 101, 104 [2007]), including obtaining authorization by a vote of two-thirds of the board of directors at a meeting called for that purpose (Paragraph 31[f]) (see Gordon v 476 Broadway Realty Corp., 129 AD3d 547, 548 [2015]; Lincoln Guild Hous. Corp. v Ovadiah, 49 Misc 3d 147[A], 2015 NY Slip Op 51691[U][App Term, 1st Dept 2015]). We reject landlord's contention that it has the power to terminate the lease based upon objectionable conduct absent compliance with the procedures set forth in paragraph 31 (see 40 W. 67th St. Corp. v Pullman, 100 NY2d at 155-156).
In light of this determination, landlord's cross motion was properly denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2018