Board of Mgrs. of the Apthorp Condominium v Apthorp Garage LLC (2020 NY Slip Op 06048)





Board of Mgrs. of the Apthorp Condominium v Apthorp Garage LLC


2020 NY Slip Op 06048


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 850021/18 Appeal No. 12210-12210A Case No. 2019-4484 

[*1]Board of Managers of the Apthorp Condominium, Plaintiff-Respondent,
v
Apthorp Garage LLC, Defendant-Appellant, Imperial Parking Systems, Inc., Doing Business as IPark et al., Defendants.


Loeb & Loeb, LLC, New York (Gil Feder of counsel), for appellant.
Belkin, Burden, Goldman LLP, New York (Adam M. Bernstein of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered September 20, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a judgment of foreclosure and to confirm the referee's report, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 29, 2019, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid order and judgment.
The motion court correctly granted summary judgment to plaintiff condominium board on its cause of action to foreclose on a lien arising from an unpaid special assessment. The court correctly determined that the board acted within the scope of its authority and was therefore entitled to the protection of the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp. , 75 NY2d 530, 537-538 [1990]). The condominium bylaws authorized the board to make "[r]equired repairs to the Common Elements including replacement of existing elements of the Building . . . in their own discretion regardless of the cost." Defendant commercial unit owner's reliance on section 8.6.6 of the condominium's declaration is misplaced, as that section limits the commercial unit owners' liability for certain work on the commercial common elements, and the board's capital improvement plan undisputedly envisioned work on the general common elements.
The motion court correctly ruled that the question of whether the board's capital improvement plan contemplated "required repairs" within the meaning of the bylaws fell squarely within the ambit of the business judgment rule, absent evidence of bad faith, self-dealing, or fraud (see 40 W. 67th St. Corp. v Pullman , 100 NY2d 147, 155 [2003]). Plaintiff demonstrated that it made a good faith inquiry into the necessity of the capital improvement plan and discussed it with unit owners before approving the special assessment to finance the work. In opposition, defendant submitted no evidence in support of its contention that the work was not necessary, and did not even suggest that the board was engaged in the kind of fraud or self-dealing that would render the business judgment rule inapplicable (see id. at 157). The motion court properly determined that discovery under CPLR 3212(f) was not warranted, as defendant failed to show that facts essential to justify opposition might exist.
As to the calculation of interest, the rate under the bylaws was correctly calculated under CPLR 5001(b). Although interest may not be assessed as a penalty (Love v State of New York , 78 NY2d 540, 544 [1991]), the interest rate changed here was not such a penalty.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020