Mayers v Bob's Auto Gallery Corp (2021 NY Slip Op 50777(U))

[*1]

Mayers v Bob's Auto Gallery Corp

2021 NY Slip Op 50777(U) [72 Misc 3d 139(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-814 Q C

Claire H. Mayers, Appellant,
against
Bob's Auto Gallery Corp. and Brian Bachan, Respondents.

Claire H. Mayers, appellant pro se.
Bob's Auto Gallery Corp. and Brian Bachan, respondents pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A.
Catapano-Fox, J.), entered October 30, 2019. The order granted defendants' motion to vacate a
judgment of that court entered August 7, 2019 upon their failure to appear or answer the
complaint and to restore the matter to the trial calendar.

ORDERED that the order is reversed, without costs, and defendants' motion to vacate the
default judgment entered August 7, 2019 is denied.
In March 2019, plaintiff commenced this action against Bob's Auto Gallery Corp. and its
owner Brian Bachan, to recover damages for an "incomplete paint job and repairs," and
"[d]amages caused to automobile for $10,344." When defendants failed to appear or answer the
complaint, an inquest was held, following which plaintiff was awarded the principal sum of
$10,344. A judgment was entered against both defendants on August 7, 2019 in the total sum of
$12,559.08.
By order to show cause dated October 2, 2019, defendants moved to vacate the default
judgment and restore the matter to the trial calendar. In an affirmation in support of the motion,
defendant Brian Bachan stated, among other things, that defendants fixed plaintiff's car and were
paid. Bachan further stated that he thought that defendants' insurance company would handle
appearing or answering the complaint in this action and that, therefore, neither he nor the
corporation had to. Bachan submitted a letter dated over a month after the entry of the judgment,
from defendants' insurance company, stating that a claim specialist had been assigned to handle
the claim made by plaintiff and she needed to speak with defendants. In opposition to the motion,
plaintiff submitted a letter from defendants' insurance company to the New York State
Department of Finance dated September 24, 2019, stating that defendants did not inform the
[*2]insurance company of the lawsuit until after the judgment
was entered and, thus, it was disclaiming coverage. Plaintiff argued that defendants failed to set
forth a valid excuse for their failure to appear or answer.
In an order entered October 30, 2019, the Civil Court (Tracy A. Catapano-Fox, J.) granted
defendants' motion. The court stated that "[d]efendants demonstrated a reasonable excuse for
their failure to appear . . . there is strong public policy in favor of resolving cases on the merits
when defendants' default was not willful, and [there is] no showing of prejudice to plaintiff." On
appeal, plaintiff argues, among other things, that defendants failed to offer a reasonable excuse
for their default in appearing or answering the complaint.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must
demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the
action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986];
Legaretta v Ekhstor, 74 AD3d 899 [2010]; Political Mktg., Int'l, Inc. v Jaliman,
67 AD3d 661 [2009]). Here, the only excuse offered as to why defendants failed to appear or
answer the complaint was because Bachan did not think they had to, as Bachan was under the
impression that defendants' insurance company would handle the matter. The foregoing was
insufficient to establish a reasonable excuse for defendants' default, as the evidence showed that
Bachan failed to inform defendants' insurance company about the lawsuit prior to the entry of the
judgment.
We do not consider arguments raised for the first time on appeal.
Accordingly, the order is reversed and defendants' motion to vacate the default judgment is
denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021