111-15 75th Ave. Owners Corp. v Min Fan (2021 NY Slip Op 50775(U))

[*1]

111-15 75th Ave. Owners Corp. v Min Fan

2021 NY Slip Op 50775(U) [72 Misc 3d 139(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-664 Q C

The 111-15 75th Avenue Owners Corp.,
Appellant,
against
Min Fan and Thomas Pellegrino, Respondents, et al., Undertenants.

Schneider Buchel, LLP (Marc H. Schneider of counsel), for appellant.
Sweetbaum & Sweetbaum, Esqs. (Marshall D. Sweetbaum and Joel A. Sweetbaum of
counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sergio
Jimenez, J.), entered April 24, 2020. The order, insofar as appealed from as limited by the brief,
denied landlord's motion for summary judgment in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and landlord's
motion for summary judgment is granted.
Landlord, a residential cooperative corporation, commenced this holdover proceeding after it
terminated tenants' proprietary lease on the ground that tenants had engaged in objectionable
conduct. The Civil Court denied landlord's motion for summary judgment, rejecting landlord's
argument that the business judgment rule applied to its cooperative board's determination to
terminate the lease, and finding that the determination was not entitled to deference because
landlord did not act in good faith. 
"When scrutinizing a cooperative's conduct in terminating a tenancy, the courts will, inter
alia, examine . . . whether the cooperative acted in good faith and in the corporate interest to
terminate the tenancy for the reasons alleged (40 W. 67th St. v Pullman, 100 NY2d 147,
156 [2003]; 1050 Tenants Corp. v
Lapidus, 39 AD3d 379, 383 [2007])" (Breezy Point Coop., Inc. v Young, 16 Misc 3d 101, 104 [App
Term, 2d Dept, 2d & 11th Jud Dists 2007]). Here, the record reflects that the board acted
"for the purposes of the cooperative, within the scope of its authority and in good faith"
(Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]), and
therefore the business judgment rule applies. Under these circumstances, the evidence provided
by landlord in support of its summary judgment motion was "competent evidence" that the
tenancy was terminated because tenants engaged in "objectionable" conduct (RPAPL 711 [1];
see 40 W. 67th St. Corp. v Pullman, 100 NY2d at 154), and "no further judicial [*2]scrutiny of the propriety of the [board's] determination that
tenant[s'] conduct was objectionable within the contemplation of the proprietary lease is
warranted" (Breezy Point Co-op., Inc., 16 Misc 3d at 105).
There is no basis on this record for the Civil Court's finding that landlord lacked good faith.
The board sent tenants three notices and held a special meeting, at which neighboring tenants
provided their accounts of the objectionable conduct, before terminating the lease. Tenants failed
to assert any nonconclusory allegations as to the board's alleged lack of good faith (see Patel v Gardens at Forest Hills Owners
Corp., 181 AD3d 611, 613 [2020]; Hochman v 35 Park W. Corp., 293 AD2d
650 [2002]) and, contrary to the determination of the Civil Court, there is no requirement that
cooperative boards provide complaining tenants with written or oral responses to their alleged
defenses or deliberate on the record (see e.g. 40 W. 67th St. Corp., 100 NY2d at 155; Board of Mgrs. of the Apthorp
Condominium v Apthorp Garage LLC, 187 AD3d 632 [2020]; Maun v Edgemont at Tarrytown
Condominium, 156 AD3d 873, 874 [2017]; Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399
[2017]).
Accordingly, the order, insofar as appealed from, is reversed and landlord's motion for
summary judgment is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021