Baxter St. Condominium v LPS Baxter Holding Co., LLC (2022 NY Slip Op 03470)





Baxter St. Condominium v LPS Baxter Holding Co., LLC


2022 NY Slip Op 03470


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Moulton, Kennedy, JJ. 


Index No. 157071/19 Appeal No. 16047 Case No. 2021-01931 

[*1]Baxter Street Condominium, By its Board of Managers, Plaintiff-Respondent,
v
LPS Baxter Holding Company, LLC, Defendant-Appellant, New York State Department of Taxation and Finance et al., Defendants.


Linton Robinson & Higgins, LLP, New York (Anna Higgins of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Maria I. Beltrani of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 30, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its cause of action seeking foreclosure of liens on condominium units belonging to defendant LPS Baxter Holding Company, LLC and dismissal of LPS's affirmative defenses, and denied LPS's motion to dismiss, unanimously affirmed, with costs.
Plaintiff Baxter Street Condominium owns the property located at 123 Baxter Street in Manhattan. Its Board of Managers (Board) manages the affairs of the building, pursuant to its By-Laws. Defendant LPS owns four commercial units in the building, which it leases to various commercial tenants. This action concerns the Board's determination, by a vote on June 6, 2018, to assess all unit owners the total amount of $150,000 to fund needed repairs to the building (including the lobby air conditioning, roof exhaust fans, roof membrane and decking, balconies and sidewalk), and to replenish the capital reserve. The assessment was to be divided among the unit owners in accordance with their proportionate share of their common interest and was required to be paid over three months starting in August 2018.
In examining plaintiff's motion for summary judgment on its cause of action seeking foreclosure of liens on condominium units belonging to defendant, Supreme Court appropriately considered the business judgment rule, which plaintiff raised only in its reply, because the doctrine was responsive to an argument raised by LPS in opposition — namely, that the board of managers had acted inappropriately in imposing an assessment in which it charged the building's commercial tenants in the same manner as the residential tenants (see Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250, 251 [1st Dept 2002]; Ryan Mgmt. Corp. v Cataffo, 262 AD2d 628, 630 [2d Dept 1999]). Moreover, in its reply, plaintiff properly submitted a letter from its counsel explaining the reasons for the assessment, since LPS asserted in its opposition that the board had never stated the basis for its decision.
As to the merits, Supreme Court properly determined that the board had acted within the scope of its authority and was entitled to protection of the business judgment rule (see Board of Mgrs. of the Apthorp Condominium v Apthorp Garage LLC, 187 AD3d 632, 633 [1st Dept 2020]; Baxter St. Condominium v LPS Baxter Holding Co., LLC, 126 AD3d 417, 418 [1st Dept 2015], lv dismissed 26 NY3d 948 [2015]). The condominium's declaration and by-laws authorized the board to make repairs and to replenish the reserve fund, and the board presented evidence that the assessment was necessary to achieve those aims. The board also provided evidence that calculation and apportionment of the assessment was done in a way consistent with the declaration and by-laws, and that both those governing documents allowed the assessment to be levied against the commercial as well [*2]as the resident unit owners. Because imposing the assessment was a valid exercise of the business judgment rule, LPS was required to show fraud, self-dealing, or another breach of fiduciary duty, yet failed to do so (see Matter of Levandusky v One Fifth Ave. Apt. Corp, 75 NY2d 530, 537-538 [1990]; Pomerance v McGrath, 124 AD3d 481, 483 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]).
Supreme Court correctly denied LPS's motion to dismiss, since plaintiff adequately pleaded its causes of action and LPS did not submit documentary evidence conclusively establishing a defense as a matter of law (CPLR 3211[a][1], [7]; see Goshen v Mut. Life Ins. Co. of New York, 98 NY2d 314, 326 [2002]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
We have considered LPS's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022