Eida v 135 Condominium (2023 NY Slip Op 50376(U))

[*1]

Eida v 135 Condominium

2023 NY Slip Op 50376(U)

Decided on April 25, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570014/23

Isaac Eida, Plaintiff-Appellant,
against
The 135 Condominium, Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered August 2, 2022, that granted defendant's motion for summary judgment dismissing the complaint.

Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered August 2, 2022, affirmed, with $10 costs.
Civil Court properly granted summary judgment dismissing plaintiff's claims. The evidentiary proof submitted by defendant condominium established, prima facie, that the condominium Board had authority to establish certain fees and procedures in connection with the leasing of condominium units (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]; Zuckerman v 33072 Owners Corp., 97 AD2d 736 [1983]).
In opposition, plaintiff unit owner failed to rebut defendant's prima facie showing with competent evidence that the Board's actions were unauthorized or the product of bad faith, fraud, self-dealing or unconscionability (see Baxter St. Condominium v LPS Baxter Holding Co., LLC, 126 AD3d 417 [2015], lv dismissed 26 NY3d 948 [2015]). Nor did plaintiff raise any triable issue of fact that he was in any way exempt from the requirements of the governing documents, whether as a sponsor, sponsor designee or owner of an "unsold unit" (see generally Pastena v 61 W. 62 Owners Corp., 169 AD3d 600 [2019]). A party may not defeat summary judgment with bare allegations of unsubstantiated facts (see Zuckerman v City of New York, 49 NY2d 557, 563-564 [1980]). Nothing in plaintiff's submission supports his claimed right to unfettered leasing of the condominium unit (see Bregman v 111 Tenants Corp. 97 AD3d 75 [2012]).
To the extent plaintiff raises arguments on appeal based upon new facts that are not in the record, such arguments cannot be entertained (see Mendoza v Plaza Homes, LLC, 55 AD3d 692, 692-693 [2008]).
We have considered plaintiff's remaining arguments and find them unpreserved and/or [*2]without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2023