Windsor Terrace at Jamaica Estates Owners, Inc. v Advani (2024 NY Slip Op 51189(U))

[*1]

Windsor Terrace at Jamaica Estates Owners, Inc. v Advani

2024 NY Slip Op 51189(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-834 Q C

Windsor Terrace at Jamaica Estates Owners, Inc., Respondent, 
against
Aruna Advani, Appellant. 

Aruna Advani, appellant pro se.
Daniels, Norelli, Cecere & Tavel, P.C. (Robert J. Cecere of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated July 31, 2023, deemed from a final judgment entered on the same date (see CPLR 5512 [a]). The final judgment, entered pursuant to the July 31, 2023 order granting landlord's motion for summary judgment and denying tenant's cross-motion for summary judgment dismissing the petition, awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord, a residential cooperative corporation, commenced this holdover proceeding after it terminated tenant's proprietary lease on the ground that tenant had engaged in objectionable conduct. By order dated July 31, 2023, the Civil Court granted landlord's motion for summary judgment and denied tenant's cross-motion for summary judgment dismissing the petition, and a final judgment awarding landlord possession was entered the same day.
It is well settled that, with respect to a cooperative corporation's termination of a proprietary lease, "the business judgment rule provides that a court should defer to a cooperative board's determination [s]o long as the board acts for the purposes of the cooperative, within the [*2]scope of its authority and in good faith" (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003] [internal quotation marks omitted]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]; Breezy Point Coop., Inc. v Young, 16 Misc 3d 101 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Contrary to tenant's contentions, we find that the Civil Court properly determined that the decision of the Board to terminate tenant's proprietary lease should be reviewed under the business judgment rule (see 40 W. 67th St. v Pullman, 100 NY2d at 153-154; Breezy Point Coop., Inc. v Young, 16 Misc 3d 101). Landlord made a prima facie showing of entitlement to summary judgment by providing "competent evidence" that the tenancy was terminated because tenant engaged in "objectionable" conduct (RPAPL 711 [1]; see 40 W. 67th St. Corp. v Pullman, 100 NY2d at 154; Breezy Point Coop., Inc. v Young, 16 Misc 3d at 105).
In order to defeat landlord's prima facie showing, tenant had the burden of raising an issue of fact as to whether the Board did not act for the purposes of the cooperative, or did not act within the scope of its authority, or did not act in good faith (see Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 613 [2020]; Hochman v 35 Park W. Corp., 293 AD2d 650, 651 [2002]), which burden tenant failed to sustain. The record does not indicate that the Board acted outside the scope of its authority or acted other than for the purposes of the cooperative (see 40 W. 67th St. v Pullman, 100 NY2d at 153-154; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 537-538), and the Board's determination complied with the required procedures set forth in the lease (see Rivercross Tenants' Corp. v Kovach, 212 AD3d 540, 541 [2023]). Although tenant contends that the termination of her tenancy was in bad faith, she offers insufficient evidentiary support for this claim aside from the speculative, and conclusory, statements contained in her affidavits (see Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch., 160 AD3d 580, 582 [2018]; Hochman v 35 Park West, 293 AD2d at 652; 111-15 75th Ave. Owners Corp. v Min Fan, 72 Misc 3d 139[A], 2021 NY Slip Op 50775[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Lincoln Guild Hous. Corp. v Ovadiah, 49 Misc 3d 147[U], 2015 NY Slip Op 51691[U] [App Term, 1st Dept 2015]), and the photographs she submitted to the Civil Court do not show bad faith retaliation. Consequently, tenant failed to raise a triable issue of fact to rebut landlord's prima facie showing of its entitlement to summary judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Tenant's remaining contentions are unpreserved for appellate review or lack merit.
Accordingly, the final judgment is affirmed.
BUGGS, J.P., MUNDY and HOM, JJ.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024